IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Matthew L. Goins,                    :
              Plaintiff            :      Civil Action 2:12-cv-00692

     v.                             :      Judge Graham

Carolyn W. Colvin,                   :      Magistrate Judge Abel
Commissioner of Social Security,
              Defendant            :

**REPORT AND RECOMMENDATION**

Plaintiff Matthew L. Goins brings this action under 42 U.S.C. §§405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying his application for Disability Insurance and Supplemental Security Income benefits. This matter is before the  Magistrate Judge for a report and recommendation on the parties' cross-motions for summary judgment.

**<u>Summary of Issues.</u>** Plaintiff Goins maintains that he became disabled at age 34 by psychiatric impairments. Relying on plaintiff's failure to seek treatment for his allegedly severely disabling psychiatric illnesses, an investigative report that cast doubt on his truthfulness, and observations of him when he sought emergency room treatment, the administrative law judge found that Goins had no physical or mental impairments that interfered with his ability to work. Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because the administrative law judge failed to properly consider all examining source opinions.

**Procedural History.**  Plaintiff Matthew L. Goins filed his application for disability insurance benefits on October 3, 2007, alleging that he became disabled on December 31, 2005, at age 34, by nerves, depression, back pain, illiteracy, and panic attacks.  (R. 106, 131.)  The application was denied initially and upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge.  On June 4, 2010, an administrative law judge held a hearing. Plaintiff, who was represented by counsel, did not attend the hearing.  (R. 31.)  A vocational expert testified.  On November 23, 2010, the administrative law judge issued a decision finding that Goins was not disabled within the meaning of the Act.  (R. 26.)  On June 6, 2012, the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Commissioner of Social Security.  (R. 1-3.)

**Age, Education, and Work Experience.** Matthew L. Goins was born April 22, 1971.   (R. 106.) He completed the 11th grade.  (R. 135.)  He has worked as a laborer.  He last worked January 31, 2006.  (R. 131.)

**Plaintiff's Testimony.** Although Mr. Goins was transported to Columbus, Ohio for the scheduled hearing, he refused to enter the hearing office. The administrative law judge determined that plaintiff had waived his rights to appear and testify at the hearing, which was conducted in his absence. Plaintiff's counsel was present at the hearing. (R. 12.)

2

**Medical Evidence of Record.**  The administrative law judge's decision fairly sets out the relevant medical evidence of record.  This Report and Recommendation will only briefly summarize that evidence related to his psychological impairment.

Six County, Inc. Plaintiff was treated at Six County from January 31, 2001 through August 27, 2001. (PageID 332-45.) Plaintiff sought counseling for nervousness and anxiety. (PageID 332.) He reported being worried about what would happen to his family when he was incarcerated for driving under the influence. (PageID 333.) On mental status examination, he was oriented in all four spheres. His appearance was described as unkempt. His mood was anxious with congruent affect. He had decreased appetite. He questioned whether his dreams might be hallucinations.  Sandra Untied, B.S.N., R.N., indicated that Goins presented with extreme anxiety. Although there was no evidence of organicity or overt psychosis, she believed Goins might have a thought disorder. Ms. United diagnosed generalized anxiety disorder and a rule out diagnosis for a thought disorder. (PageID 334.)

When he was treated at Six County, plaintiff was prescribed Seroquel and Risperdal. On February 22, 2001, Rawji Shiraz, M.D. diagnosed atypical psychosis, not otherwise specified. (PageID 345)

On March 1, 2001, plaintiff telephoned his therapist to report that he was experiencing a lot of leg shaking. He was very nervous. His speech was pressured. (PageID 343.) On March 22, 2001, plaintiff reported that he stopped taking his

Risperdal. He was rational, relevant and coherent. He was diagnosed with major recurrent depressive disorder. (PageID 342.)

On July 18, 2001, George Moses, D.O., noted that plaintiff was not doing well. He had all phase insomnia. He constantly bounced his foot during the appointment. He was sweating profusely. Plaintiff reported that he was anxious and irritable and that he had been getting mean. One day, he systematically broke every cup and glass in the cupboard. He also reported jumping out of his car to go after another driver, but he stopped himself. Dr. Moses diagnosed bipolar I disorder, current episode manic. (R. 290.) The nursing notes indicated that plaintiff could seek hospitalization for management of his medication adjustment. Plaintiff asked whether Seroquel would immediately stop his anger outbursts. (R. 288.)

Lee Roach, Ph.D. On November 19, 2007, Dr. Roach, a psychologist, evaluated plaintiff at the request of the Bureau of Disability Determination.  (PageID 305-16.) According to Dr. Roach, Goins was not able to answer any questions. Goins was only able to say one word at a time, which he repeated over and over. (PageID 305 and 307.) During the examination, plaintiff's wife, Sherry Goins, answered the questions on his behalf. During the session, Goins became agitated and wanted to leave. Ms. Goins reported that her husband had outbursts and was childlike. He did not leave the home at all. (PageID 307.) He felt like he had needles sticking in him. She believed that he experienced depression and panic attacks.

4

Dr. Roach indicated that plaintiff appeared to be very low functioning with dementia and undiagnosed and untreated schizophrenia. He had not sought psychiatric treatment of any kind. He had not seen a doctor for years. His wife reported that he frequently just sat and stared and that when he became agitated he could get very violent. (PageID 306-07.) During the session, Goins took off his shoes and socks and put himself in the corner and said "bad."

On mental status examination, his appearance was unkempt. He had no eye contact. His speech was limited to one and two word utterances. There was extreme poverty of speech. His motor agitation was constant. His affect was flat and nonresponsive. His wife indicated that he did not leave the house. His orientation and reality contact appeared impaired. His memory and recall-attention span could not be assessed. (PageID 308.) Without supervision by his wife and daughter, Goins was unable to complete many of his activities of daily living. (PageID 310.)

Dr. Roach diagnosed schizophrenia, disorganized type, episodic with interepisode residual symptoms; panic disorder with agoraphobia; alcohol dependence, reported to be in remission 6 years; expressive language disorder with echolalia features; borderline intellectual functioning based on observations from present clinical interview; schizotypical personality disorder eccentricities; and intermittent explosive disorder. Dr. Roach assigned a Global Assessment of Functioning ("GAF") score of 30. (PageID 311.)

5

Dr. Roach opined that plaintiff was markedly impaired in his abilities to understand and execute simple instructions, maintain appropriate attention and concentration, relate to fellow workers, supervisors, and the public, and to deal with day-to-day stress. (PageID 312.)

Irma Johnston, Psy.D. On April 14, 2008, Dr. Johnston, a State agency reviewing psychologist, completed a psychiatric review technique. Dr. Johnston noted that plaintiff was diagnosed with depression and an anxiety disorder, not otherwise specified. Dr. Johnston indicated that plaintiff had mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation.

Dr. Johnston noted that plaintiff was not currently receiving psychiatric treatment. In 2001, he received treatment for anxiety. Despite his wife's allegations of extreme limitations and his presentation before the consultative examiner, emergency room treatment notes indicated that plaintiff had normal affect, insight and concentration. In response to questions from an investigator, plaintiff answered appropriately and adequately. Plaintiff indicated that he was able to grocery shop and perform activities of daily living. He worked on cars at his brother's mechanic shop across the street.  (R. 262-74.)

On July 28, 2008. Karla Voyten, Ph.D., reviewed the evidence of record and concurred in Dr. Johnston's assessment. (R. 276.)

Floyd Sours, M.A. On March 25, 2010, Mr. Sours, a psychologist, examined Goins at the request of the Bureau of Disability Determination. Plaintiff's wife provided responses to Mr. Sour's questions. Plaintiff refused to leave his van. Goins was agitated and uncommunicative. He was disheveled. He rocked back and forth and waved his arms in the air. Plaintiff was not oriented in any sphere. He was not coherent. His behavior was suggestive of schizophrenia.

Mr. Sours diagnosed schizophrenia and assigned him a GAF score of 35. (R. 295-97.)

Genesis Healthcare System. On August 20, 2010, plaintiff's wife asked for an assessment of her husband. The assessment was conducted outside because of his anxiety. Goins ran his hands and fingers over the grated tabletop rapidly. He shook his head and feet and stated he hadn't done anything wrong. The counselor indicated that it was apparent that Goins needed behavioral health treatment. (R. 339.)

Cooperative Disability Investigations Unit Report. On February 14, 2008, Robert J. Himmelein went to Goins' home purporting to be seeking information concerning a missing person. The two story family residence appeared to be properly maintained. (PageID 210.) Despite his wife's report that he never left the house, the investigator observed Goins at his brother's house across the street. Although Goins' wife reported that he spoke in only one- and two-word sentences and she spoke for him during medical interviews because he was allegedly incapable of answering the doctor's questions, the investigator found that he was able to answer his questions and ask

7

questions of his own, speaking in a clear and concise voice. He answered all of Himmelein's question and asked questions of him.  Goins was unkempt, and his hands were dirty as if he had been doing mechanical work. Goins said that he was capable of everyday activities, including grocery shopping, attending appointments and working. Goins stated that he currently worked out of his brother's home, doing mechanical work on cars. When the interview concluded, Goins returned to his brother's home to work. Himmelein reported that plaintiff did not show any sign of physical or mental impairment. (PageID 211.)

Himmelein reported that plaintiff's criminal history included possession of marijuana, possession of drug paraphernalia, driving while intoxicated, no operator's license, providing false information, and multiple traffic violations. (R. 158-60.)

**Administrative Law Judge's Findings.**

1.    The claimant meets the insured status requirements of the Social Security Act through September 30, 2009 (Exhibit 4D).

2.    Based on the claimant's earnings record (*see* Section D of the file), the claimant has not engaged in substantial gainful activity since November 19, 2007, the amended alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*)

3.    Based on a preponderance of the evidence, similar fault has been involved in providing the evidence.

4.    Based on the objective medical evidence, the claimant has the following severe impairments: a history of polysubstance abuse, an affective disorder and a reading deficit (20 CFR 404.1520(c) and 416.920(c)).

8

5.      Based on the objective medical evidence, the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

6.      After careful consideration of the entire record, it is determined that the claimant has the residual functional capacity to perform a full range of work at all exertional levels subject to the following: (1) interaction with others in the workplace is limited to occasional; and (2) the claimant is unable to perform work requiring written instructions.

7.      Based on the claimant's residual functional capacity as set forth above, the claimant is capable of performing past relevant work as a mason helper. The claimant's past relevant work as a mason helper does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

8.      Because the claimant is capable of performing past relevant work as a mason helper, the claimant has not been under a disability, as defined in the Social Security Act, from November 19, 2007, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(R. 15-25.)

**Standard of Review**.  Under the provisions of 42 U.S.C. §405(g), "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)).  It is "'more than a mere scintilla.'"  *Id*.  *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976).  The Commissioner's findings of fact must be based upon the record as a whole.

*Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)(quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1950)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir. 1985).

**Plaintiff's Arguments.** Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because the administrative law judge failed to properly consider all examining source opinions. Plaintiff argues that the opinions of the examining psychologists are supported by other evidence in the record. The Social Security claims adjudicator contacted plaintiff by telephone. Goins had great difficulty responding to her questions. When Goins presented at the Social Security field office, the Social Security employee noted that it was her worst experience interviewing someone in 40 years.

Plaintiff also argues that the March 3, 2008 investigation report is scant and vague. The report does not provide what questions were asked and answered by Goins. The investigator assumed plaintiff had been performing mechanical work, but he did not know why Goins's hands were dirty. The investigator also failed to provide any details concerning plaintiff's purported daily activities. Plaintiff argues that it's not clear how frequently he goes grocery shopping or attends appointments. Plaintiff further

argues that the investigator is not a medical professional and so his opinion that Goins did not show any signs of a mental or physical disability is not entitled to any weight.

    **Analysis.**  It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled.  The administrative law judge, not the Court, is the finder of fact.  *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 920 (6th Cir. 1987).  So long as the Commissioner's decision is supported by substantial evidence, it must be affirmed.  42 U.S.C. §405(g).  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  In a close case, where there is substantial evidence supporting the administrative law judge's resolution of the disputed facts, the Court must affirm even if it would likely have resolved the disputed facts in plaintiff's favor had it been a trier of fact.  *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  There is a large zone of choice where the Commissioner's decision to deny benefits is supported by substantial evidence, and, had the Commissioner granted benefits, that decision also would have been supported by substantial evidence.  *Mullen v. Secretary of Health & Human Services*, 800 F.2d 535, 548 (6th Cir. 1986)(*en banc*).  In close cases, the Commissioner's decision must be affirmed so long as there is substantial evidence supporting the Commissioner's fact determinations "because there is a 'zone of choice' within which the Commissioner can act, without fear of court interference."  *Mullen*, 800 F.2d at 545(citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984))."  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).

    The administrative law judge stated:

> The evidence in this case paints two contrasting pictures of the claimant. The first picture, which suspiciously arises only in interactions with personnel evaluating the claimant for purposes of disability, is of a man babbling incoherent nonsense and functioning at a childlike level (Exhibit 2F, Exhbit 7F, Exhibit 3E and Exhibit 10E at p. 3). The second picture is strikingly different. In this picture, which apparently emerges in interactions with all others, the claimant's incoherence and childlike functioning mysteriously vanish, replaced by a man described as alert and oriented, with normal speech and memory and no barriers to learning (Exhibit 1F at pp. 6-8, 11-12, 15-16, 21-22, 30, 37 and 40, Exhibit 6F at pp. 6, 14 and 17, and Exhibit 8E).

(R. 16.) The administrative law judge relied on the medical notes from seven emergency room visits from January 2002 through May 2007. The hospital records did not reflect that plaintiff had difficulty interacting with others. The investigator from the Cooperative Disability Investigations Unit also reported that plaintiff was able to interact appropriately with him. The administrative law judge concluded that the opinions of the examining psychologists were entitled to very little weight and that plaintiff's conduct during those examinations was not genuine. (R. 22.) The administrative law judge determined that when plaintiff was not "adopting a childlike affect," he was able to perform daily activities, which included working with his brother-in-law. (R. 17.) The administrative law judge noted that the record did not contain any evidence of episodes of decompensation for an extended duration. The administrative law judge concluded that the record did not contain sufficient objective medical evidence to substantiate the severity of symptoms alleged by plaintiff. The administrative law judge specifically relied on the fact that plaintiff's demeanor with the investigator, an individual unknown to him, was entirely inconsistent with his

12

allegations that he cannot work due to his nerves, depression, and panic attacks. There are no current psychiatric treatment records to corroborate plaintiff's allegations. Although plaintiff's wife told a Social Security employee that her husband could not get treatment at Six Counties because he had not paid a bill owed the agency, plaintiff offered no evidence that he sought treatment from a publicly funded source and was denied treatment because of his inability to pay. While there is evidence that, if credited by the finder of fact, would support an award of disability benefits, there is substantial evidence supporting the administrative law judge's resolution of the disputed facts. Since the Commissioner, and not the Court, has the duty to make the findings of fact and those findings are supported by substantial evidence, the decision denying benefits must be affirmed.

From a review of the record as a whole, I conclude that there is substantial evidence supporting the administrative law judge's decision denying benefits. Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social Security be **AFFIRMED.**  It is **FURTHER RECOMMENDED** that plaintiff's motion for summary judgment be **DENIED** and that defendant's motion for summary judgment be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof

in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

         s/Mark R.  Abel         
        United States Magistrate Judge

14